UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRYAN ALLEN CARY,<br><br>  Plaintiff,<br><br>v.<br><br>CORRECTIONS OFFICER BABYACK,<br><br>  Defendant. | Case No. 24-10410<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF COSTS [2] AND MOTION FOR SUMMARY JUDGMENT [7] AND DISMISSING COMPLAINT [1]**

Bryan Allen Cary, who is currently incarcerated at the Gus Harrison Correctional Facility, alleges that Corrections Officer Babyack physically assaulted him without provocation, then spread harmful rumors about Cary to others incarcerated at the Gus Harrison facility, resulting in "a hit" being "put out on [Cary]." (ECF No. 1, PageID.1–2.) So Cary filed this *pro se* civil rights complaint against Babyack alleging violations of his First and Eighth Amendment rights in "retaliation for [Cary] pursuing getting [Babyack] in trouble for excessive force." (*Id.*) He seeks to proceed without prepayment of costs. (ECF No. 6.) He also filed a motion for summary judgment. (ECF No. 7.)

Because Cary is a three-striker under 28 U.S.C. § 1915(g) and has not shown he is in imminent danger of serious physical injury, the Court must deny his *in forma pauperis* application and will likewise dismiss his complaint.

## I.

Cary alleges that on January 30, 2024, Corrections Officer Babyack (First Name Unknown) told him to "come cuff up." (ECF No. 1, PageID.1.) Cary asserts that "as soon as [he] stepped forward[,] [Babyack] ta[s]ed [him]." (*Id.*) Cary was then allegedly "slammed on [his] head" and "knocked" unconscious, and "woke up to Babyack ta[s]ing [him] a 2nd time." (*Id.* at PageID.1–2.) Cary says that Babyack also "crushed [his] hand & arm," and he is now "numb from the elbow down." (*Id.* at PageID.1.) "Two days later," Cary says that he heard "Babyack telling inmates" that Cary is "a pedophile," "child molester," "snitch," and "rat." (*Id.* at PageID.1–2.) Cary alleges that "[t]here's now another hit on [him] because of what Babyack is saying." (*Id.* at PageID.2.)

Cary contends that "[t]he reason [Babyack]'s doing this is retaliation for [Cary] pursuing getting [Babyack] in trouble for excessive force." (*Id.* at PageID.1.) Cary writes, "Babyack told me 'you won't win here. I'll make sure you are fucked over.'" (*Id.*)

So in February 2024, Cary sued Babyack in this Court, seeking "$100,000.00 & transfer" for alleged violations of his First and Eighth Amendment rights. (*Id.*) Along with his complaint, Cary filed a motion to proceed without prepayment of fees and costs. (ECF No. 6.)

## II.

The Court may authorize commencement of an action without prepayment of the filing fee and costs if a plaintiff demonstrates he cannot pay such fees, 28 U.S.C.

2

§ 1915(a)(1), subject to the Prison Litigation Reform Act's three-strikes rule, *see id.* § 1915(g). That is, if an incarcerated plaintiff has already had three or more complaints dismissed by a federal court for being frivolous or malicious or for failing to state a claim, the PLRA bars him from proceeding without prepayment of fees unless he plausibly alleges that he "is under imminent danger of serious physical injury." *Id.*; *see Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019) ("To be eligible for the exception [to the three-strikes rule], the prisoner must plausibly allege such a danger."); *see also Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) ("In order to allege sufficiently imminent danger, we [the Sixth Circuit] have held that 'the threat . . . must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.'" (quoting *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008))).

In turn, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)." *Sorezo v. Harris*, No. 23-12098, 2023 U.S. Dist. LEXIS 149218, at *2 (E.D. Mich. Aug. 24, 2023) (quoting *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)); *see also Preston v. Les Parish*, No. 20-11671, 2020 U.S. Dist. LEXIS 157194, at *2–3 (E.D. Mich. Aug. 31, 2020) ("[A] district court can invoke § 1915(g) to dismiss a prisoner lawsuit even if the three strikes rule has not been raised by the defendant in the pleadings." (quoting *Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010))). "A federal court is permitted to take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g)." *Cary v. Teske*, No. 24-

3

10411, 2024 U.S. Dist. LEXIS 30553, at *3 (E.D. Mich. Feb. 22, 2024) (citing *Taylor v. United States*, 161 F. App'x 483, 485–86 (6th Cir. 2005)).

The PLRA's three-strikes rule clearly applies to Cary, as he has had at least four civil rights complaints dismissed for being frivolous or malicious or for failing to state a claim. *See, e.g.*, *Cary v. Henry Ford Allegiance Hosp.*, No. 23-13195 (E.D. Mich. Feb. 22, 2024), ECF No. 7; *Cary v. McCaul*, No. 18-00652, 2018 U.S. Dist. LEXIS 137831 (W.D. Mich. Aug. 15, 2018); *Cary v. Losacco*, No. 18-11396, 2018 U.S. Dist. LEXIS 229375 (E.D. Mich. July 11, 2018); *Cary v. Eaton*, No. 11-13151, 2011 U.S. Dist. LEXIS 119449 (E.D. Mich. Oct. 17, 2011).

And Cary is on notice that he is a three-striker after having at least 15 cases dismissed under § 1915(g). *See, e.g.*, *Cary v. Bill*, No. 24-10730 (E.D. Mich. Apr. 8, 2024), ECF No. 4; *Cary v. Teske*, No. 24-10594 (E.D. Mich. Apr. 1, 2024), ECF No. 8; *Cary v. Teske*, 2024 U.S. Dist. LEXIS 30553; *Cary v. Henry Ford Allegiance Hosp.*, No. 24-10028 (E.D. Mich. Jan. 11, 2024), ECF No. 5; *Cary v. Farris*, No. 22-12136, 2022 U.S. Dist. LEXIS 189067 (E.D. Mich. Oct. 17, 2022); *Cary v. Loxton*, No. 22-10854, 2022 U.S. Dist. LEXIS 93947 (E.D. Mich. May 25, 2022); *Cary v. Ali*, 22-10348, 2022 U.S. Dist. LEXIS 83436 (E.D. Mich. May 9, 2022); *Cary v. Dalton*, No. 21-13047, 2022 U.S. Dist. LEXIS 6555 (E.D. Mich. Jan. 12, 2022); *Cary v. Ali*, No. 21-13044, 2022 WL 71776 (E.D. Mich. Jan. 6, 2022); *Cary v. Allen*, No. 21-10415, 2021 U.S. Dist. LEXIS 57956 (E.D. Mich. Mar. 26, 2021); *Cary v. Pavitt*, No. 19-13397, 2019 U.S. Dist. LEXIS 218909 (E.D. Mich. Dec. 20, 2019); *Cary v. Allen*, No. 19-13416, 2019 U.S. Dist. LEXIS 213917 (E.D. Mich. Dec. 12, 2019); *Cary v. Peterson*, No. 19-13393,

2019 U.S. Dist. LEXIS 205700 (E.D. Mich. Nov. 27, 2019); *Cary v. Parole Bd.*, No. 19-12634, 2019 U.S. Dist. LEXIS 219605 (E.D. Mich. Nov. 18, 2019); *Cary v. McCumber-Hemry*, No. 17-12842 (E.D. Mich. July 12, 2018), ECF No. 14.

So Cary cannot proceed without prepaying fees and costs unless he satisfies the imminent danger exception to the three-strikes rule—and he does not.

First, Cary's allegations that Babyack physically assaulted and verbally retaliated against him are only "[a]llegations of past dangers." *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012); *see also Cary v. Bill*, No. 24-10730 (E.D. Mich. Apr. 8, 2024), ECF No. 4, PageID.73. And "a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the [imminent danger] exception." *Rittner*, 290 F. App'x at 797–98.

Cary's other allegations that unnamed individuals put a hit on him are too vague, conclusory, and unsupported to plausibly establish that Cary is in imminent danger. *See Vandiver*, 727 F.3d at 585 ("[T]he allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists."); *Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception."). This District has repeatedly reached the same conclusion about other complaints brought by Cary. Just two weeks ago, this Court summarized that "several judges [in this District] have rejected similar attempts by [Cary] to invoke the imminent danger exception by claiming that he and/or his family have been assaulted or threatened—finding such allegations to be vague, conclusory, unsupported, and/or fanciful." *Cary v. Teske*, No.

24-10594 (E.D. Mich. Apr. 1, 2024), ECF No. 8, PageID.78; *see, e.g., id.* at PageID.79 ("[Cary's] allegations of imminent danger in this case are 'a thinly veiled rehashing' of similar conclusory allegations in prior cases and do not meet the imminent danger exception to the three strikes rule." (citation omitted)); *Cary v. Teske*, 2024 U.S. Dist. LEXIS 30553, at *3–4 (dismissing Cary's allegations that "hits" were put out on him "because prison staff told inmates that he is a 'pedophile' and a 'snitch'" and reasoning that "Cary's allegations of imminent danger are once again completely unsupported by any evidentiary material and are once again nothing more than 'a thinly veiled rehashing' of similar claims made by Plaintiff Cary in prior lawsuits"); *Cary v. Ali*, 2022 U.S. Dist. LEXIS 83436, at *1, *3–4 (dismissing Cary's allegations that he was "still being attacked" after "defendant allegedly informed other inmates that [Cary] was a snitch, a homosexual, and a member of a gang" on the basis that the allegations were "vague" and insufficient to satisfy the imminent danger exception); *Cary v. Allen*, 2019 U.S. Dist. LEXIS 213917, at *2–3 ("Without more, this allegation of possible harm to others does not rise to the level of immediate personal harm as required by the statute [§ 1915(g)].")).

So the Court concludes, as it has many times before, that Cary has three strikes against him under the PLRA's three-strikes provision and fails to satisfy the imminent danger exception. *See* 28 U.S.C. § 1915(g). Pursuant to § 1915(g), the Court will deny Cary's motion to proceed without prepayment of fees or costs and dismiss his complaint.

The Court also concludes, pursuant to § 1915(a)(3), that it has properly applied the three-strikes provision of § 1915(g) such that an appeal from this order cannot be taken in good faith.

### III.

In sum, Cary's litigation history shows that he has at least three strikes under 28 U.S.C. § 1915(g). The exception to the three-strikes rule cannot save Cary's complaint, as he has failed to demonstrate that he is in imminent danger of serious physical injury.

Accordingly, the Court DENIES Cary's motion to proceed *in forma pauperis* (ECF No. 6) and DISMISSES Cary's complaint (ECF No. 1). The Court also DENIES Cary's motion for summary judgment (ECF No. 2) as moot.

SO ORDERED.

Dated: April 18, 2024

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE